## McCornack, Appellant, *v.* Sharples.

*Equity—Royalties—Withholding payments—Good faith—Interest—Costs.*

1. A bona fide dispute as to the amount of indebtedness is no bar to the accruing of interest. If a tender of payment falls short of the sum found to be due at the time of tender, interest runs on the whole.

2. Interest upon unpaid installments of royalty due from time to time for the use of a patent, is properly allowed in a suit for the royalty although the payments were withheld in good faith, and as the result of a controversy over an honest difference of opinion as to the right of the patentee to the royalty.

3. In a suit in equity for the assignment of a patent where defendant filed a cross bill for an accounting for royalties due from plaintiff and where none of plaintiff's contentions are sustained, but where on the contrary it appears that a large sum is due from plaintiff to defendant, the entire costs should be imposed upon plaintiff.

Argued March 20, 1916. Appeal, No. 461, Jan. T., 1915, by cross plaintiff, from decree of C. P. No. 1, Philadelphia Co., Sept. T., 1912, No. 6225, on bill in equity for the assignment of a patent and cross bill for an accounting, in case of Philip M. Sharples v. Herbert McCornack; Herbert McCornack v. Philip M. Sharples. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER, and FRAZER, JJ. Modified and affirmed.

Bill in equity to obtain the assignment of a patent.

Exceptions to report of J. B. Colahan, Jr., referee.

The opinion of the Supreme Court states the facts.

The court awarded the relief prayed for in the cross bill, but refused to allow interest on the royalties from the date when they were found to be due, and divided the costs equally between the parties. Cross plaintiff appealed.

*Errors assigned* were in dismissing exceptions to vari-

ous findings of fact and law of the referee and the decree of the court.

*Frank P. Prichard,* with him *John G. Johnson,* for appellant.

*Charles N. Butler* and *Alex. Simpson, Jr.,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

This appeal is from the same decree which has been under consideration in the opinion which has just been filed at No. 457, January Term, 1915. Two points are here raised. First, should interest have been allowed upon royalties which were not paid when due. Interest was refused by the referee and the court below. Second, should the appellee pay all the costs. The referee so held, but the court below divided them. On August 10, 1899, McCornack licensed Sharples to use two inventions, upon payment of a royalty of $1.00 per machine for the use of each invention. For some nine years, the royalties were paid as stipulated. A difference of opinion then arose as to the assignments of various patents. McCornack was willing to assign all that were requested, except No. 699,217, that one being included in the royalty contract. Sharples contended that he was entitled to it, alleging that the invention set forth and described in it was made at a period when McCornack was bound under the terms of an agreement to convey to Sharples everything he should then invent. The referee and the court below found against this contention of Sharples, and sustained the claim of McCornack for royalties under this patent. Interest upon the royalties was, however, denied, upon the ground that the controversy was over an honest difference of opinion, and that the refusal to pay was in good faith. We cannot agree that this was a sufficient reason. "A bona fide dispute as to the amount of indebtedness is no bar to the accruing of interest. If a tender of payment falls

short of the sum found to be due at the time of the tender, interest runs on the whole": West Republic Mining Co. v. Jones & Laughlins, 108 Pa. 55. Even where no demand for payment has been made, it has been held that interest should be paid from the time when there should have been an accounting and payment: McGowan v. Bailey, Wilson & Co., 179 Pa. 470. In the case of Jones v. Farquhar, 186 Pa. 386, a bill was filed for an accounting for a division of profits. The master refused to allow interest on the ground that a partnership was involved. But the court reversed, in an opinion approved by this court, and said that the partnership had ended, and the account could readily have been stated, and the rights of the parties ascertained. The defendant was therefore charged with interest upon the unpaid balance in his hands from time to time. Authority for charging interest upon installments of royalty due from time to time, and unpaid, is also found in Thomas v. Harbison-Walker Refractories Co., 226 Pa. 136. So in Anthracite Lumber Co. v. Lucas, 249 Pa. 517, on a bill for an accounting under a timber lease it was held that, under a finding that the plaintiff was clearly in default in the matter of payments, it was properly chargeable with interest. It is a sound principle, equally applicable in equity or at law, that one who retains money, after it is justly due and payable to another, should pay interest for the detention. We are therefore of opinion that McCornack was entitled to interest upon the royalties retained by Sharples after they were due, and that the referee was not justified in withholding it. On the other hand, we think the disposition of the costs made by the referee was proper. He awarded them to the successful party. The court gave no good reason for holding otherwise. None of the important or substantial contentions upon the part of Sharples, were sustained, and no good or sufficient reason for the refusal to pay royalties as agreed upon, was shown. In his cross bill, McCornack asked for an accounting and for

payment of his royalties. To this he was entitled. The fact that when the account was taken, the referee held that certain machines did not as McCornack contended come within the claims of the patent in question, did not affect his general right to recover royalties; nor did it appear that any question as to just what machines were subject to royalty under the agreement arose between the parties, prior to the suit. McCornack was entitled to an account, and the very purpose in taking it was to ascertain just how many machines had been made which embodied the invention for the use of which the royalty was to be paid.

The assignments of error are sustained, and it is ordered and directed that the decree of the court below be modified, so that interest upon the royalties shall be allowed from the time when they became due, and further that the disposition of the costs in the court below shall be in accordance with the report of the referee. The costs of this appeal to be borne by the appellee, P. M. Sharples. It is ordered that the record be returned to the court below for further proceedings in accordance with this opinion.