## Wainwright *v.* Marine National Bank, Appellant.

*Partnership—Survivorship—Liquidating partner.*

A surviving member of a partnership, upon the death of his partner, becomes the agent of the firm with the right and duty to take possession of the partnership property.   As such he is the liquidating partner and has control of funds deposited with a bank by the partnership.   The fact that the account was payable upon the joint signatures of the two partners, does not affect the rights of the surviving partner.

*Banks and banking—Bank deposits—Failure to pay check—Interest.*

The acceptance of a bank deposit carries with it an implied obligation to return it on demand, and the refusal so to do is a breach of this obligation, out of which liability for interest arises.

Where a bank without justification retains a fund against its lawful owner, it becomes chargeable with interest from the time the depositor's check was refused.

Argued May 8, 1919. Appeal, No. 5, April T., 1919, by defendant, from judgment of C. P. Allegheny Co., April T., 1917, No. 920, on verdict for plaintiff in case of Samuel J. Wainwright, Jr., Surviving and Liquidating Partner of the Firm of Charles P. Walker and S. J. Wainwright, Jr., Partners, formerly doing business as Walker & Wainwright, v. The Marine National Bank, a Corporation. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Assumpsit for interest due on bank deposit. Before COHEN, J.

From the record it appeared that Samuel J. Wainwright, Jr., claiming to be the surviving and liquidating partner of the former firm of Walker & Wainwright, brought an action against the Marine National Bank of Pittsburgh upon a check for the full amount of the deposit which stood in that bank in the joint names of both partners. In his statement of claim the plaintiff alleged that he was the surviving partner of the firm named and as such was entitled to receive all the assets of the former partnership. He further alleged that the moneys on deposit in the Marine National Bank were partnership funds and that he had drawn a check for the full amount of the deposit to his own order, presented the same for payment and payment had been refused. The Marine National Bank, defendant, filed an affidavit of defense in which it was alleged that the deposit had been made by Charles P. Walker and Samuel J. Wainwright, Jr., in their joint names and that when such deposit was made it was agreed that checks drawn against said fund should be signed by both Charles P. Walker and Samuel J. Wainwright, Jr., and that since the check which was presented was signed by only one of the parties it was the bank's duty to refuse payment.

At the trial of the case, counsel for the Colonial Trust Company, administrator of C. P. Walker, deceased, appeared on behalf of the said administrator, and formally withdrew all claim to said fund, and made a statement to the court that the administrator was convinced that the funds on deposit were in reality partnership funds. Whereupon counsel for defendant admitted that the actual amount on deposit was due and agreed that a verdict might be entered in this case for the same.  The plaintiff having claimed interest on said deposit the case proceeded to trial to determine what amount of interest, if any, was due on said deposit.

The court directed a verdict in favor of the plaintiff in the sum of $12,990.90 as principal and $747.50 as interest and judgment was entered thereon.  Defendant appealed.

*Error assigned,* among others, was the order of the court in directing a verdict for plaintiff, and refusal of defendant's motion for a new trial and for judgment n. o. v.

*Hill Burgwin,* and with him *H.* and *C. C. Burgwin,* for appellant.—The agreement, under which the money was deposited with the bank, limited and changed the rights of the surviving partner: Leaf's App., 105 Pa. 505; Laughlin v. Lorens, 48 Pa. 275; Gratz v. Bayard, 11 S. & R. 41; Evans v. Watts, 192 Pa. 112.

The plaintiff had only the rights which he had during the lifetime of his partner: Rowley on Partnership, Sec. 925; 2 Bates on Partnership, Sec. 679; Parsons on Partnership, Sec. 287.

The claim of the administrator of the deceased partner was notice to the bank not to pay the check: Bank v. Jones, 42 Pa. 536; Dick's Est., 183 Pa. 647; Law's Est., 144 Pa. 499; Bank v. King, 57 Pa. 202, 205.

*Frederick W. Miller,* and with him *John K. Benn,* for appellee.

OPINION BY HENDERSON, J., July 17, 1919:

It was shown by the plaintiff that the fund deposited in the defendant bank was a partnership fund. This appeared from the form of the deposit and the oral testimony introduced. There was no evidence to the contrary. By the death of Charles P. Walker, one of the partners, the right and duty to take possession of the partnership property and settle the business of the firm was cast on the surviving partner. He became the agent of the firm for that purpose, and the title to the assets vested in him. The administrator of Walker was not authorized to withdraw any part of the fund or to interfere with its custody by Wainwright: Collins v. Young, 1 McQueens' Appeal Cases, House of Lords 385; Wallace v. Fitzsimmons, 1 Dal. 248; Shipe's Appeal, 114 Pa. 205.

The memorandum made by the bank of an oral understanding that the deposit should only be checked out on the joint names of the members of the firm, had relation to the conduct of the business while the partnership existed. There is nothing in the case which intimates that it was intended to affect the settlement of the accounts of the firm in the event of the death of one of the partners. It cannot therefore be held that the general rule relating to the settlement of a partnership dissolved by the death of one of the members was intended in any way to be set aside and a different method of liquidation established. The appellee was in the exercise of his strict legal right, therefore, in demanding the fund from the bank. The appellant had notice of the death of Walker and is charged with knowledge that as a result of his death the firm was dissolved, and that the surviving partner became the liquidating agent of the late firm. The notice of the administrator of Walker that the money should not be paid over until the administrator had received proof that the decedent had no interest in the fund was not a demand for the deposit or any part of it, and did not relieve the bank from its legal responsibility to the plaintiff. If, however, the notice amounted to a demand, as against the

respective claims, the bank had a remedy by an application for an interpleader. In the absence of a counter demand the liability of the bank to pay is clear. The acceptance of the deposit carried with it an implied obligation to return it on demand, and the refusal so to do was a breach of this obligation out of which liability for interest arose. The bank could not justify the retention of the fund against the lawful owner, and is therefore chargeable with interest from the time plaintiff's check was refused. When a definite time is fixed for the payment of money, an obligation to pay damages in the form of interest at the lawful rate arises for a detention of the money after a breach of the contract for its payment: Mining Co. v. Jones, 108 Pa. 55.

The action of the court on the rule for judgment non obstante veredicto accords with the law applicable to the facts established at the trial. The assignments are overruled and the judgment affirmed.