Gloeckler, Appellant, *v.* Imrie.

Argued April 25, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel G. Wagner,* with him *Dorothea M. Wagner,* of *Wagner & Wagner,* and *R. E. McCreary,* for appellant.

*Joseph Knox Stone,* for appellee.

OPINION BY BALDRIGE, J., July 18, 1935:

The defendant obtained a judgment against the plaintiff in an action of assumpsit. This appeal followed the refusal of the court below to grant a new trial or enter judgment n. o. v.

The action grew out of a contract entered into between the plaintiff and defendant, who was to do certain work in and about a house to be erected for the plaintiff. Suit was brought by plaintiff, alleging that the defendant failed to comply with his oral contract, in that the work was not done in a careful and workmanlike manner, as a result of which plaintiff sustained damages to the extent of $1,579.95.

The affidavit of defense denied the averments in the plaintiff's statement, and a counterclaim was made for extra work done. After the plaintiff's testimony was completed, he took a voluntary nonsuit and the trial was then confined to the issues raised by the counterclaim and answer thereto. A verdict was rendered in defendant's favor for $1,024.91, which included $141.36 interest from the date the money was due.

The original contract was in the form of a letter written to the defendant by the plaintiff, wherein he stated: "Am in receipt of your proposition dated March 31st, wherein you will furnish all the labor to complete

the stone and terra cotta tile work on my proposed residence on Ridge Road, Beaver, Pa. at the rate of 35 cents per square foot for surface measure, which would include the stone about 10″ thick, the tile about 8″ thick, all the chimneys, etc. but does not include the door and window openings."

The work was completed and the plaintiff paid defendant the sum of $3,000, which plaintiff alleged was $19.95 in excess of the amount actually due. The defendant alleged that the extras, for which he filed a counterclaim, were furnished at the oral request of plaintiff, and consisted of a partition in the cellar constructed of tile and brick, mantels in the patio, living room and den, certain alterations and changes, cutting of stone, building of a retaining wall, etc., aggregating in all $958.80, with interest from August 8, 1931. The plaintiff, in his answer to the counterclaim, denied that any extra work was done at his request, except the partition in the basement, and averred that the alleged extras were included in the original contract and paid for.

The appellant denies liability for altering the mantel in the dining room at the alleged request of his wife and superintendent. It was incumbent upon defendant to show either that the party directing the change had authority to do so, or such circumstances justifying the inference that plaintiff assented thereto. There were no particular plans or specifications in connection with the construction of this building, other than a rough floor plan and certain pictures or designs of parts of the building which were to be followed. The superintendent testified in behalf of the plaintiff as follows: "My part of the work in the first place was to lay out the entire house and to see that the measurements were properly given according to plans, and, of course, such as windows, mantels and all partitions pertains to the superintendent on the job, and that was my duty and as far as giving arches or segments for arches, or tem-

plates, that was my duty on the job." In view of the absence of definite plans and specifications, it may be fairly implied that the superintendent had considerable authority in directing the work. When the construction was under way, the plaintiff was living at a farm house apparently nearby, as he testified that before going to Pittsburgh he visited the work every morning to see how it progressed. The defendant testified that after the mantel in the dining room had been completed it had to be partly taken down and rebuilt as the superintendent had given "wrong lines," which gave it an appearance that did not suit Mrs. Gloeckler. This necessitated the work of a mason and his helper for two days. The natural inference is that, as plaintiff visited the work daily, he knew of the objection his wife had expressed, and that the alterations met with his approval. We think it may reasonably be assumed that he assented to these changes.

The appellant argues further that all of the alleged extra work is of the same nature as that provided for in the contract, and if he is liable therefor, it should be at the rate established in the contract for other stone work, to wit: "...... at the agreed rate of thirty-five cents a square foot and what it cost the appellee or the fair market value of the necessary labor." The appellee contends that building a mantel on a template in accordance with the pictures required higher skill and better pay than the erection of walls and other ordinary stone work, and that such an expensive construction, costing him $1.62 per hour for an artisan and $.50 per hour for a laborer, was not contemplated by either of the parties when the price of the other stone work was agreed upon in the original contract. Whether this sort of work was included in the main contract, or was the subject of an additional agreement, as appellee alleged, and whether the charges therefor were proper, were questions for the jury's determination.

The appellant objected to appellee's testifying as to

the time his employees spent on this extra work, on the ground that he was not on the job each entire day, and that his information on this subject was obtained from his foreman who was there all the time. We think the lower court was right in admitting his testimony, as he was not required to be at the work constantly, provided he knew it was being done and that he paid for it. The evidence justifies the conclusion that he had knowledge of all the work as it progressed and kept in close touch with it.

Nor do we find merit to the complaint that the verdict was against the weight of the evidence. After the work was completed, and the claim for extras made, each of the parties sent a competent man to check up on the job for the purpose of ascertaining the number of square feet of work that was done. The appellant called a Mr. Lindsay, who testified that the total measurements, including the mantel, door sills and other extras, except the alleged alterations and certain fire tile in the flue, amounted to 8,328 square feet. Admittedly, the defendant was paid for that amount. Mr. Martsolf, who represented defendant in making these measurements, was not called. The defendant, however, testified that the 8,328 square feet did not include the extras. Mr. Lindsay testified that he had made details of the measurements, and apparently they were in court, but he was not requested by the appellant to explain them, nor were they offered in evidence, although the court asked what the measurements were and strongly intimated that more definite information should be given respecting them.

The appellant objects to the allowance of interest from the date of completion of the work, alleging that the claim for extras was unliquidated and does not bear interest until liquidated. The cases in other jurisdictions are not harmonious, but the weight of authority is in accord with our Pennsylvania decisions,

which hold that where the action is not for a tort or to recover for unliquidated damages, but is under a contract claiming a definite amount, interest is due from the date the money was payable: Mining Co. v. Jones, 108 Pa. 55; McCornack v. Sharples, 254 Pa. 541, 99 A. 155; Wainwright v. Marine Natl. Bank, 72 Pa. Superior Ct. 221; Niland v. Gill, 99 Pa. Superior Ct. 107.

After a careful review of this record, we have come to the conclusion that the questions involved were for the jury, and that the verdict was not so clearly against the weight of the evidence as to justify our interference with the conclusion reached by the jury and the judgment entered on their verdict.

Judgment is affirmed.