J. Purdy Cope Hotels Company et al. *v.* Fidelity-
Phenix Fire Insurance Co., Appellant.

Argued March 1, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*C. D. Shull*, of *Shull & Shull*, for appellant.

*F. B. Holmes*, with him *C. R. Bensinger*, for appellees.

OPINION BY KELLER, P. J., April 15, 1937:

The question involved in this appeal is a narrow one. It relates, only, to the date from which interest should be calculated in arriving at the amount of the plaintiff's verdict in an action on a policy of fire insurance.

We shall not confuse matters by stating in detail all the steps and proceedings taken in this long-drawn out litigation, but only enough of them to form a basis for considering the question involved.

The plaintiff, J. Purdy Cope Hotels Company,—the other plaintiff is the holder of a mortgage protected by a standard mortgagee clause—owned and operated a large frame hotel at the Delaware Water Gap, Monroe County, known as The Kittatinny. It was insured against loss by fire under 37 policies, issued by 27 different companies, in the total amount of $118,000.

The defendant company issued two of these policies in the combined amount of $16,000. On October 30, 1931, while the above mentioned insurance was in force, a fire occurred which resulted in the destruction of the building.

Notice of the fire was promptly given the insurance companies, which, at the plaintiff's request, extended the time for filing proofs of loss to a date subsequent to February 25, 1932.

Proofs of loss were filed on February 25, 1932, but the parties could not agree on the loss or damage suffered by plaintiff, and actions were brought on the policies on May 9, 1932, the suit against this defendant being filed to No. 7 September Term, 1932.

Thereafter, appraisers were appointed by the plaintiff and the insurance companies, respectively, to appraise the loss and damage, pursuant to the provisions of the policy, and an umpire was selected by the President Judge of the Court of Common Pleas of Monroe County. The umpire and one of the appraisers made a report or award determining the sound value of the insured property to be $210,000 and the loss or damage $164,850. The plaintiff filed its statement, claiming of this defendant, as its proportionate share of said loss as determined by said appraisal, the sum of $13,477.37, with interest from April 25, 1932—60 days after the furnishing of proofs of loss. The defendant filed an affidavit of defense, disputing the validity of the appraisal report or award above mentioned and averring that the sound value of the insured property was not in excess of $73,400 at the date of the fire, and that defendant's proportion of the loss did not exceed the sum of $8,096.20.

At the trial, the court directed a verdict for the plaintiff, on the basis of the appraisal award; but subsequently granted a new trial, because of the invalidity of the award. An appeal was taken by the plaintiff to

the Supreme Court, (No. 226, January Term, 1934), which entered the following judgment (not reported): "And now, April 11, 1934, the judgment of the court below is affirmed with a procedendo, and, by agreement of counsel made at the bar of this Court, it is ordered that the award of the arbitrators be referred back to them to meet again, consider and decide the questions submitted to them under the policies of insurance, if necessary with the aid of the umpire, and to report their findings nunc pro tunc as of a date immediately before the beginning of this suit. Per Curiam, F."

Following this the appraisers met and on December 3, 1934 filed an award "pursuant to the order of the Supreme Court of Pennsylvania" signed by one appraiser and the umpire, fixing the sound value of the insured property, *as of the date of the fire,* at $191,-142.78 and the loss or damage at $124,242.81. "Witness our hands and seals this third day of December, 1934, nunc pro tunc as of the 7th day of May, 1932. Norman B. Dreher, Appraiser, James Y. Heller, Umpire."

At the trial following, on December 12, 1934, the court instructed the jury to find for the plaintiffs in all the cases then being tried, on the basis of an actual loss or damage to the plaintiffs of $124,242.81, the amount fixed by the appraisers' award, on which verdicts were moulded in the several cases, by the court, for the insurance covering the buildings, with interest from May 7, 1932, the verdict against this defendant being for $13,354.99 insurance and $2,199.70 interest, or a total of $15,554.69, on which judgment was entered. The defendant appealed from the inclusion of interest in the verdict and judgment. The judgment should be affirmed.

We are in no doubt, whatever, that the Supreme Court in directing the appraisers "to report their findings nunc pro tunc as of a date immediately before

the beginning of this suit" intended to fix the date when the loss as determined by them would be payable under the terms and conditions of the policy, and from which interest on the amount so determined to be due would be payable. The court could not have intended that the sound value and the loss or damage should be determined as of a date immediately before the beginning of the suit, for that would have been in direct conflict with the policy which expressly insured the plaintiff to the extent of the actual cash value of the property, *at the time of loss or damage,* not exceeding, however, the face of the policy. The terms 'actual cash value' and 'sound value' are synonymous, and relate to the value of the insured property at the time of the occurrence of the loss or damage by fire: *Patriotic Order Sons of America Hall Assn. v. Hartford Fire Ins. Co.,* 305 Pa. 107, 157 A. 259. The policy further provided, under the heading, 'When Loss Payable': "The amount of loss or damage for which this Company may be liable shall be payable sixty days after proof of loss as herein provided is received by this Company, and ascertainment of the loss or damage is made, either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided." The nunc pro tunc date fixed in the judgment of the Supreme Court undoubtedly referred to this provision of the policy. If we were in the slightest doubt on the subject we would certify the appeal to the Supreme Court—see *Crawford's Est.,* 108 Pa. Superior Ct. 475, 165 A. 540; *Ladner v. Siegel,* 296 Pa. 579-587,—but it seems to us too clear to justify the delay incident to such action. Besides, the appellant relies, to some extent, on a misapplication of a phrase used by the writer of this opinion in *Williams and Manning v. Southern Mutual Ins. Co.,* 108 Pa. Superior Ct. 148, 164 A. 128, which should be corrected. See below.

The order of the Supreme Court, so interpreted, is in accord with a long line of cases in this State dealing with the allowance of interest where money is payable by agreement between parties and a time is fixed for the payment of it, and holding that this constitutes a contract to pay the money at the time fixed and to pay interest on it from the given day, in case of failure to pay at that day.

As early as *Obermyer v. Nichols,* 6 Binney 159, 162 (1813) Chief Justice TILGHMAN said: "On the subject of interest, we have departed widely from the path of the English Courts. We allow interest upon open accounts, where by the usual course of dealing, or by express agreement, a certain time is fixed for payment, and generally in all cases, where one person detains the money of another unjustly and against his will." And in *Delaware Ins. Co. v. Delaunie,* 3 Binney, 295, 301, 302 (1811) an action for money had and received, etc., growing out of an insurance contract, the same great Chief Justice held that where there was a necessity for a suit, because the defendant offered to pay the plaintiff too little, he should be chargeable with interest. This was approved by the Supreme Court, as late as 1898, in *Jones v. Farquhar,* 186 Pa. 386, 397, 399, 40 A. 1134.

A bona fide dispute as to the amount of the indebtedness is no bar to the accruing of interest and if a tender falls short of the sum found to be due at the time of tender, interest runs on the whole: *West Republic Mining Co. v. Jones & Laughlin,* 108 Pa. 55, 69; Mc-Cornack v. *Sharples,* 254 Pa. 541, 542, 543, 99 A. 155. In the first mentioned case, Mr. Justice TRUNKEY, speaking for the Supreme Court, said (p. 68): "The defendants admit indebtedness to the plaintiffs. A dispute has arisen respecting the performance of the contract by the plaintiffs, and the amount of the debt, but however determined, the debt arises from contract. The jury were instructed that in their discretion they

could allow or disallow interest on the balance due as they should think proper under the circumstances. That question was not for the jury. Interest shall be allowed in all cases of contract where it is the duty of the debtor to pay money without a previous demand by the creditor. When a definite time is fixed for the payment of money the law imposes the obligation to pay damages by way of interest at the legal rate, for the detention of the money after the breach of the contract for its payment: *Foote v. Blanchard,* 6 Allen 221. The right to interest upon money owing upon contract depends not on discretion, but upon legal right: *Dana v. Fiedler,* 12 N. Y. 40; *Adams v. Fort Plain Bank,* 36 Id. 255. 'It is a legal and uniform rate of damages, in absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge the debt': *Minard v. Beans,* 64 Pa. St. 411. If that was a dictum we think it accords with the policy in this state."

Policies of fire insurance in this State almost uniformly stipulate that the loss shall be payable sixty days after proof of loss,—to be furnished as provided in the policy—, is received by the company. An action brought after that period is not premature, *(Dudzinski v. Great American Ins. Co.,* 90 Pa. Superior Ct. 540), and interest from that date is usually calculated and allowed. See *First National Bank v. Monarch Fire Ins. Co.,* 123 Pa. Superior Ct. 298, 307, 187 A. 69, 73. If however the insurance company denies liability in toto, it is not entitled to the sixty day period allowed for adjustment of the loss, and interest is recoverable from the date of the fire: *Western & Atlantic Pipe Lines v. Home Ins. Co.,* 145 Pa. 346, 355, 363, 22 A. 655. See also, *Lebanon Mutual Fire Ins. Co. v. Erb,* 112 Pa. 149, 154, 155, 4 A. 8, where the fire occurred August 10, 1882, the company denied all liability, and the lower court instructed the jury that if they found the facts to be

as testified to by the plaintiff, they should find a verdict in his favor for the amount of the policy, with interest from September 7, 1882, the date when proof of loss was given the company; and was affirmed by the Supreme Court. The ascertainment of the loss or damage by appraisers, where resorted to, usually precedes the bringing of suit, but when, by agreement of the parties, such appraisal is made after suit brought, it does not have the effect of postponing the running of interest on the amount of insurance payable, to a date subsequent to the bringing of the suit.

The principles applicable to actions on policies of fire insurance have been enforced by the Supreme Court and this court in actions upon other forms of contracts to pay money at a given time, and interest has been held recoverable, as matter of right, in case of failure to pay at that time, *inter alia,* in the following cases: *King v. Steiren,* 44 Pa. 99, 104, an action for breach of contract of employment; *McGowan v. Bailey, Wilson & Co.,* 179 Pa. 470, 481, 36 A. 1129, a bill for an accounting of rents and profits of coal; *McCornack v. Sharples,* 254 Pa. 541, 99 A. 155, a bill in equity for the assignment of a patent and payment of royalties; *Com. v. Great American Ind. Co.,* 312 Pa. 183, 198, 199, 167 A. 793, an action on a contractor's bond; *Koch v. Schuylkill County,* 12 Pa. Superior Ct. 567, an action by a district attorney to recover fees; *Wainwright v. Marine Nat. Bank,* 72 Pa. Superior Ct. 221, 224, assumpsit for bank deposit; *Niland v. Gill,* 99 Pa. Superior Ct. 107, 110, 111, a scire facias sur mechanic's lien; *Gloeckler v. Imrie,* 118 Pa. Superior Ct. 441, 445, 446, 179 A. 883, an action on a contract for work and labor on a house; *Graboyes v. Kapner,* 120 Pa. Superior Ct. 4, 7, 181 A. 385, an action to recover back money paid under a contract rescinded by plaintiff. See also, Restatement—Contracts, sec. 337(a).[1]

---

[1] "Section 337. When Interest is Recoverable as Damages. If

There is nothing in the case of *Williams & Manning v. Southern Mutual Ins. Co.,* 108 Pa. Superior Ct. 148, 164 A. 128, affirmed in 312 Pa. 114, 166 A. 582, referred to above, which runs counter to the views herein expressed. The casual, and perhaps unfortunate, use of the expression 'unliquidated damages' on page 155 of our opinion, furnishes no support for appellant's contention in this case. The question of interest was not in issue in that case. "Few terms used in the law are used with as many variant meanings as ['unliquidated'] and its proper construction must be determined by the particular context in which it appears," 66 Corpus Juris 49. The damages referred to were not ascertained or determined when suit was brought but, although disputed, they were capable of being exactly determined and were payable at a stated time. A disputed claim may be liquidated, 1 Williston on Contracts, sec. 128.[2] There is nothing in the opinion in 108 Pa. Superior Ct. 148 to warrant the assumption that we regarded an action on a policy of fire insurance as at all similar, in respect to the right to recover interest, to an action in tort for unliquidated damages, or other actions "where the damages are not capable of exact computation, both as to time and amount," such as was referred to by Mr.

---

the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:

"(a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled."

[2] "An unliquidated claim is one, the amount of which has not been fixed by agreement or cannot be exactly determined by the application of rules of arithmetic or law. A disputed claim may be either liquidated or unliquidated". Williston, sec. 128.

Justice MITCHELL in *Richards v. Citizens Nat. Gas Co.,* 130 Pa. 37, 39, 18 A. 600.

On the motion to dismiss the appeal, we are of opinion that the payment of the judgment following an execution issued after an appeal, which was taken too late to be a supersedeas, did not render the question involved moot. It was ruled otherwise in *Charak v. Porter Co.,* 288 Pa. 217, 220, 221, 135 A. 730.

The assignment of error is overruled and the judgment is affirmed.