## Samuels, Appellant, *v.* California Insurance Company.

Argued April 14, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*E. Y. Calvin,* for appellant.

*Harold F. Reed, Jr.,* with him *Reed, Ewing, Orr & Reed,* for appellee.

OPINION BY WOODSIDE, J., June 15, 1960:

The only question here is whether the appellant should be allowed interest prior to a verdict in his favor on a claim against a fire insurance company brought under a contract of insurance.

The plaintiffs insured their premises with Caledonian Insurance Company whose liability under the policy was taken over by the defendant company. On January 16, 1952, the insured premises were damaged by fire. The plaintiffs gave notice of the loss to A. M. Eckert, agent for the defendant, who acknowledged the notice under date of January 17, 1952. Formal proof of loss was filed March 15, 1952. Subsequent negotiations for the settlement of the fire loss were fruitless,

and on January 13, 1953, the plaintiffs issued a summons against the defendant, The California Insurance Company. The defendant contended that the plaintiffs' policy had been taken over by a third company and that the plaintiffs had sued the wrong company. Wilson J. Samuels, one of the plaintiffs, died prior to trial, and Newton M. Samuels, the other plaintiff, continued with the action and is the appellant in this Court.

When the case was brought to trial in February 1959, the trial judge first charged that the plaintiff was entitled to recover interest at 6% per annum from 60 days after the filing of the proof of loss, or from May 14, 1952, until the date of the trial.

Subsequently, when the jury returned from its deliberation and asked whether it was required to allow interest, the trial judge reversed his position on interest and charged, over the objection of the plaintiff, as follows: ". . . if you find that the Plaintiff, Samuels failed to do what he should do in the exercise of his rights under the policy in requiring the case to be tried at an earlier date, you may then take that matter into consideration in the determination of what, if anything, should be allowed by way of interest on claims 1, 3, and 6. The law in Pennsylvania, is that in a case of this kind, the Plaintiff is entitled to interest on the amount of the claim. However, under the particular circumstances of this law suit, it is now more than six years since the case could have been brought to trial. Now, each of the parties could have brought it to trial sooner; they didn't see fit to do it. If, in that connection, you find that the Plaintiff was remiss in proceeding as you might conclude he should have proceeded, then you may consider the question of interest in a reduced amount, or you may eliminate the interest, if that is your collective conclusion."

The jury brought in a verdict against the defendant for a total of $3850, specifically excluding interest. The plaintiff moved to modify the verdict by adding interest. When the court below overruled the motion, the plaintiff took this appeal.

The court below should have modified the verdict by allowing the interest to be added to it.

The court below recognized that ordinarily the plaintiff would be entitled to interest from the date of loss or the date of proof of loss depending upon the evidence presented, but thought that the plaintiffs' delay in bringing the case to trial took the case out of the general rule. The procedural steps which the court thought took this case out of the general rule were set forth in its opinion as follows: "The fire occurred January 16, 1952. Plaintiffs filed a praecipe for summons on January 13, 1953. June 4, 1953, defendant ruled plaintiffs to file a complaint. July 8, 1953, a complaint was filed to which preliminary objections were filed July 29, 1953. An amended complaint was filed August 11, 1953. An answer was filed October 3, 1953. Defendant filed a motion for judgment on the pleadings October 26, 1953. The motion was listed for argument, on praecipe by counsel for defendant, at the argument list of September 30, 1958. November 5, 1958, the motion was overruled. The case was placed on the February, 1959, trial list on praecipe, by counsel for defendant. The trial began on February 4, 1959."

The law governing this case was ably set forth by the late President Judge KELLER in *J. Purdy Cope Hotels Co. v. Fidelity-Phenix Fire Insurance Co.,* 126 Pa. Superior Ct. 260, 191 A. 636 (1937). In a situation similar to the one before us, the Court (p. 266) said: "Policies of fire insurance in this State almost uniformly stipulate that the loss shall be payable

sixty days after proof of loss,—to be furnished as provided in the policy—, is received by the company. An action brought after that period is not premature, (Dudzinski v. Great American Ins, Co., 90 Pa. Superior Ct. 540), and interest from that date is usually calculated and allowed. See First National Bank v. Monarch Fire Ins. Co., 123 Pa. Superior Ct. 298, 307, 187 A. 69, 73. If however the insurance company denies liability in toto, it is not entitled to the sixty day period allowed for adjustment of the loss, and interest is recoverable from the date of the fire. Western & Atlantic Pipe Lines v. Home Ins. Co., 145 Pa. 346, 355, 363, 22 A. 665."

In the above case this Court was following *West Republic Mining Co. v. Jones & Laughlins,* 108 Pa. 55, 69 (1884) from which it quoted (p. 265) as follows: "The defendants admit indebtedness to the plaintiffs. A dispute has arisen respecting the performance of the contract by the plaintiffs, and the amount of the debt, but however determined, the debt arises from contract. The jury were instructed that in their discretion they could allow or disallow interest on the balance due as they should think proper under the circumstances. That question was not for the jury. Interest shall be allowed in all cases of contract where it is the duty of the debtor to pay money without a previous demand by the creditor. When a definite time is fixed for the payment of money the law imposes the obligation to pay damages by way of interest at the legal rate, for the detention of the money after the breach of the contract for its payment: Foote v. Blanchard, 6 Allen 221. The right to interest upon money owing upon contract depends not on discretion, but upon legal right:"

Although the defendant admits that "the litigation was subject to the control of either party from the time of the filing of the defendant's motion for judg-

ment on the pleadings in October, 1953, to the trial in February, 1959," the court below concluded that the plaintiffs' contemplation of interest might have been a contributing factor in these delays. It also thought that the plaintiff was evasive, and that this may have influenced the jury to refuse interest.

The question of interest in this case was not for the jury and should not have been submitted to it. Neither the plaintiff's failure to press for ultimate judgment as rapidly as he might have, nor his evasiveness at the trial would be any reason to deny him interest. No case has been cited to us and we have found none which has so held.

It is true that unusual circumstances may cause a plaintiff to lose his right to interest, but such cases are rare.

Only two cases were cited by the court below to support its position. One was *Dobler v. Shenandoah Life Insurance Co., Inc.,* 73 Pa. D. & C. 215 (1950), where interest was denied the beneficiary of a life insurance policy because the company could not locate him for five years after its insured's death, and promptly paid when a claim was made on behalf of the beneficiary. In the other case, *Uhland v. Uhland,* 17 S. & R. (Pa.) 265 (1828), interest was allowed the plaintiff although the jury was permitted to pass upon it. The Supreme Court there could not "see on what reasonable ground [the defendant could] ask an exemption from the payment of interest." (p. 270). Neither these two cases nor the only two cases cited in the appellees' brief[1] set forth any reason to deny interest which could be applied to this case.

---

[1] *The Delaware Insurance Company v. Delaunie,* 3 Binney 295, 301 (1811) and *Obermyer v. Nichols,* 6 Binney 159, 161 (1813). In both these cases, the plaintiffs were allowed interest.

If the insurance company had tendered a sum in excess of the verdict, interest might be refused, but here the only tender appearing in the record was $3000, and the verdict was $3850. Where a tender falls short of the sum found to be due at the time of tender interest runs on the whole amount. *J. Purdy Cope Hotels Co. v. Fidelity-Phenix Fire Insurance Co.*, supra, 126 Pa. Superior Ct. 260, 191 A. 636 (1937).

That the law governing this case was properly stated by President Judge KELLER in the *Cope* case, is confirmed by the recent decisions of the Supreme Court in *Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 108, 117 A. 2d 721 (1955); and *Peyton v. Margiotti*, 398 Pa. 86, 94, 156 A. 2d 865 (1959). There is no doubt about our duty to follow the rules set forth in the *Cope* case.

We have authority to mold the verdict by adding interest. *Peyton v. Margiotti*, supra, p. 95.

In as much as the defendant denied all liability, interest at the legal rate is due on the amount of the verdict from the date of the fire, January 16, 1952. *J. Purdy Cope Hotels Co. v. Fidelity-Phenix Fire Insurance Co.*, supra, 126 Pa. Superior Ct. 260, 191 A. 636 (1937). The judgment should be amended accordingly.

The judgment is modified by adding interest as aforesaid.