## Wills v. American Insurance Co.

*Donald L. Reihart,* for plaintiffs.

*Michael P. Loucks* and *Carl R. May,* for defendants.

ATKINS, P. J., March 25, 1968.—Plaintiffs instituted suit against above-named defendants to collect insurance from each of defendants on separate policies for a fire loss. Answers were filed, and a pretrial conference held. In that conference counsel concluded that it would be possible to stipulate the facts so that the matter could be presented to the court for determination in the nature of a case stated. The agreed facts follow:

(1) Plaintiff, J. William Wills, is an individual residing at 219 Hiestand Road, York, Pa.

(2) Plaintiff, Marion M. Wills, is an incompetent, residing at 3355 Kingston Road, York, Pa.

(3) The Drovers and Mechanics National Bank of York, York, Pa., was appointed guardian of the estate of Marion M. Wills, an incompetent, by the Orphans' Court of York County, Pa., on February 14, 1966, and initiated this action on behalf of the said Marion M. Wills.

(4) Defendant, American Insurance Company, hereinafter referred to as "American," is a corporation authorized to do business in the Commonwealth of Pennsylvania.

(5) Defendant, Republic Insurance Company, hereinafter referred to as "Republic," is a corporation authorized to do business in the Commonwealth of Pennsylvania.

(6) On January 7, 1965, "Republic" executed and delivered to plaintiff J. William Wills a fire insurance policy No. R 4009323 covering the premises at 219 Hiestand Road, York, Pa., in the amount of $12,400. The said policy was issued for a premium of $69 which was paid by said plaintiff and contained an expiration date of January 7, 1968.

(7) On May 26, 1965, "American" executed and delivered to plaintiff Marion M. Wills a homeowner's fire insurance policy No. H-273 3011 covering the premises at 219 Hiestand Road, York, Pa., in the amount of $13,500. The said policy was issued for a premium of $78.45 which was paid by said plaintiff, and contained an expiration date of May 26, 1968.

(8) On June 30, 1965, the premises at 219 Hiestand Road, York, Pa., were damaged by fire. The said fire did not result from any means excluding coverage by the "Republic" or "American" policies of insurance.

(9) Notice of the loss and proof of loss were given to "American" and "Republic" in compliance with the terms of their respective insurance policies.

(10) The total damages suffered by plaintiffs were in the amount of $4,407.50, consisting of additional living expense, $105; damage to personal property, $859; and damage to the dwelling, $3,443.50.

(11) Of the $3,443.50 damage to the dwelling, $800 represented depreciation, leaving an actual cash value loss to the dwelling of $2,643.50.

(12) American relying upon a pro rata liability provision contained in their policy (infra) tendered plaintiffs the sum of $3,086.35 calculated as follows:

| | |
|---|---:|
| Personal Property | $ 859.60 |
| Living Expenses | 105.00 |
| American's pro rata share of actual cash value loss to dwelling, i.e. ½ $2,643.50. | 1,321.75 |
| Depreciation | 800.00 |
| | $3,086.35 |

American tendered $2,286.35 on September 3, 1965, and the balance of $800 on October 6, 1965.

(13) Republic has refused to pay any amount toward plaintiffs' loss.

(14) Plaintiffs, because "Republic" has denied liability and in order to prevent an accord and satisfaction of their total claim against "American" refused the tender of $3,086.35 set forth in paragraph 12, supra.

(15) Both "Republic" and "American" insurance policies contain a mortgagee clause in favor of the Colonial Mortgage Service Company, Philadelphia, Pa.

(16) On January 7, 1965, and at all times relevant to this case, plaintiffs J. William Wills and Marion M. Wills owned the premises at 219 Hiestand Road, York, Pa., as tenants in common.

(17) On or about May 26, 1965, plaintiff Marion M. Wills purchased the American homeowners policy. At the time of the purchase, Mrs. Wills indicated to Richard D. Lau, an agent of American, that there was a mortgage on the subject premises. Mr. Lau advised Mrs. Wills that another insurance policy probably was in effect but that this would not make any difference concerning the purchase of the "American" policy.

(18) Richard D. Lau, agent for "American," subsequently sent the original "American" insurance policy to Colonial Mortgage Service Company. On June 7, 1965, Colonial Mortgage Service Company returned the policy to Mr. Lau with a request for completion of the mortgage company's homeowner agreement forms, a correction of the mortgage clause and a request for a $5 substitution fee.

(19) On June 9, 1965, plaintiff Marion M. Wills wrote to the said Colonial Mortgage Service Company indicating the following: "I now have American Homeowners Policy as of 5/26/68 (meaning 5/26/65) with expiration date as being 5/26/68".

(20) Republic has never formally cancelled their policy nor tendered return of any premium payments.

(21) The "Republic" insurance policy contains the following relevant provisions:

"This policy shall be cancelled at any time at the request of the insured, in which case this Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be cancelled at any time by this Company by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand", and

"This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not".

(22) The "American" insurance policy contains the following relevant provisions:

"Pro rata liability. This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved whether collectible or not", and

"(2) Loss by fire or other perils not provided for in 7(b) below: This Company shall not be liable for a greater proportion of any loss from any perils included in this policy than (1) the applicable limit of liability under this policy bears to the whole amount of fire insurance covering the property or which would have covered the property except for the existence of this insurance, whether collectible or not and whether or not such other fire insurance covers against the additional peril or perils insured hereunder (2) nor for a greater proportion of any loss than the applicable limit or liability under this policy bears to all insurance whether collectible or not, covering in any manner such loss or which would have covered such loss except for the existence of this insurance".

(23) It is agreed by "American" and "Republic" that the fire loss suffered by plaintiffs is the type of loss insured against by their respective policies.

Since none of the parties attach any significance to the fact that the real and personal property is owned by both plaintiffs as tenants in common and one policy was issued by Republic Insurance Company to J. William Wills and the other was issued by the American Insurance Company to J. William Wills and Marion M. Wills, we will do as the parties have in their arguments, that is, treat the situation as though both plain-

tiffs were named as the insured in each of the policies.

The basic question is whether Republic must share the loss with American so far as the damage to the dwellings is concerned, or must American bear the entire loss including personal property and additional living expenses. A second question is whether American is liable for interest on whatever amount is recovered from it. Republic's contention is that when the policy was issued by American, this new insurance was substituted for the coverage provided in Republic's policy and resulted in a cancellation of Republic's policy as of the date the American policy was issued. There is no claim of a cancellation by any other condition or conduct on the part of plaintiffs. The Supreme Court in Harty v. Standard Accident Insurance Company, 394 Pa. 358, quoted with approval from Scheel v. German-American Insurance Company, 228 Pa. 44, as follows: "If the insurance company allege as a defense in an action on its policy that the assured . . . has replaced the policy by another policy and thereby relieved the insurance company from liability, it is incumbent upon the company to aver in its affidavit of defense and prove on the trial, not only that such was the intention of the assured but that his intention was carried out with his consent and by his agreement with the company. In other words the mere procurement of another policy on the same property and for the same amount . . . does not disclose an intention on the part of the assured to cancel the earlier policy or to relieve the company from liability thereon; and in order that it may have such effect the company must aver and prove that the assured consented and agreed to the cancellation and the substitution of the later for the earlier policy". These rules effectively demonstrate that there was no cancellation of Republic's policy by the issuance of American's policy.

Republic appears to rely on Marion Wills' statement to Colonial Mortgage Service Company to show an intention on her part to substitute the new policy for the older one, but her statement is just as consistent with an intention to advise the mortgage company that she now has two policies instead of one. Also there is nothing in the record to indicate any agreement between plaintiffs and Republic to cancel its policy. On the contrary, it does not appear that Republic had any knowledge of the existence of the other insurance until after the loss occurred. Hence there could be no agreement with it concerning cancellation. Republic's policy, by its terms, shows that it recognizes the possibility of other insurance by limiting its liability to a pro rata share of any loss so covered.

Republic is liable for half of the damage to the dwelling. Since the damage to the dwelling is agreed to be $3,443.50, each defendant is liable for $1,721.75 for this item. As this represents the cost of repair, no problem of depreciation is presented. In addition, American is liable for damages to personal property in the amount of $859. and living expenses in the amount of $105., or a total of $2,685.75. Each policy provides that the loss is payable 60 days after the proper proof of loss is submitted to the company. Nowhere in the record is the date disclosed when proof of loss was given to either company. Since each policy requires proof of loss to be submitted within 60 days after the loss, we will arbitrarily assume the proofs were submitted on the sixtieth day after the fire which occurred June 30, 1965, thus making the claims payable 120 days thereafter, or October 28, 1965. It was stipulated that a tender of $2,286.35 was made by American on September 3, 1965, and a further additional tender of the $800 on October 6, 1965. Plaintiffs refused these tenders in order to avoid the possibility of placing themselves in the position of hav-

ing created an accord and satisfaction. Since the record shows no conditions were attached to the tender, we must conclude that it was unconditional. Since the tenders exceed the amount found to be due from American and were made before the claim was due, American is not liable for interest. Republic, of course, is liable for interest from the date of the fire, since it denied all liability: Samuels v. California Insurance Company, 192 Pa. Superior Ct. 484.

And now, March 25, 1968, at 10 a.m., a verdict is entered in favor of J. William Wills and Marion M. Wills, an incompetent, by Drovers & Mechanics National Bank of York, York, Pa., her guardian, against Republic Insurance Company in the amount of $1,995.-55 together with half of the costs of suit. A verdict is entered in favor of J. William Wills and Marion M. Wills, incompetent, by the Drovers & Mechanics National Bank of York, York, Pa., her guardian, against the American Insurance Company in the amount of $2,685.75, together with half of the costs of suit.