### Pitonyak v. Helm

*Edward J. Steiner*, for plaintiff.
*John B. McCue*, for defendant.

HOUSE, P. J., November 15, 1972.—This matter is before the court upon the petition of plaintiff praying for an order directing defendant to pay additional interest in the amount of $374.64 upon jury verdicts previously entered in this matter. Defendant denies the existence of any obligation to pay additional interest in any amount.

The facts controlling this case are not in dispute and may be summarized as follows:

On October 12, 1971, jury verdicts totaling $86,000 were returned in favor of plaintiff and against defendant. On January 28, 1972, defendant, by his insurer, Pennsylvania Manufacturers Association Insurance Company, delivered checks to plaintiff totaling $86,000, the amount of the verdicts. These checks had printed or endorsed thereon a legend or statement to the effect that endorsement and/or collection of the checks by the payee would constitute a full and complete release and satisfaction of any and all claims against the insurance company and/or its insured.

Plaintiff, by her attorney, notified defendant, by his attorney, that these checks could not be accepted under the terms of the endorsement since the checks did not include any payment for interest due on the verdicts from the date that the verdicts were rendered to the date of delivery of the checks. At the same time, counsel for plaintiff orally requested authorization from defendant's counsel to deposit the checks without being bound by the terms of the endorsement. This oral notification and request were repeated in writing by plaintiff's attorney in a letter to defendant's attorney under date January 31, 1972.

Finally, on February 25, 1972, defendant, by his insurance company, delivered a check to plaintiff's attorney in the amount of $1,477.75 in payment of interest on the verdicts from October 12, 1971, to January 26, 1972. This check was delivered together with an authorization to plaintiff to deposit the checks which were delivered January 28, 1972, and to ignore the terms of the endorsement. All of the checks were then deposited on February 25, 1972.

It is the position of plaintiff that she is entitled to

interest on the verdicts for the period from January 26, 1972, to February 25, 1972, in the amount of $374.64.

On the other hand, defendant and his insurer take the position that no further interest is due since plaintiff could have deposited and collected the checks delivered on January 28, 1972, and that her failure to do so cannot be used by her as a device to extract additional interest from defendant and his insurer.

Should defendant and his insurer be required to pay the additional interest claimed here? We are of the opinion that the additional interest is due as claimed and should be paid.

The Act of April 6, 1859, P.L. 381, sec. 1, 12 PS §781, provides that verdicts rendered for specific sums of money, as in the case at bar, shall bear interest from the date of verdict and provides further, inter alia:

". . . and every general judgment entered upon such verdict, . . . shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding . . ."

The checks delivered January 28, 1972, were in an amount less than the total judgment obligation then due plaintiff by defendant. Such a remittance was insufficient to satisfy the judgment and plaintiff was not under any obligation to accept such a remittance particularly where the deposit and collection of the checks would have given defendant some color of right to claim a full release and discharge.

It has been held that an insufficient remittance will not stop the accrual of interest on the entire amount due: West Republic Mining Co. v. Jones & Laughlins, 108 Pa. 55 (1884); J. P. Cope Hotels Co. v. Fidelity-Phenix Fire Insurance Co., 126 Pa. Superior Ct. 260 (1937).

Defendant here contends that he should not have to pay any additional interest because plaintiff could have deposited the checks delivered on January 28, 1972, and thus have gained control of the funds represented by those checks. However, this argument overlooks the fact that any deposit or endorsement of these checks by plaintiff would have been subject to the terms printed or endorsed on the checks by defendant. The tender of payment must be unconditional: 37 P.L. Encyc., 85, page 58.

Since the checks were not written for the full amount of money then due plaintiff and since they also contained a provision which would have made the deposit and collection of the checks by plaintiff constitute a full and complete release of any and all claims against defendant, plaintiff was justified in refusing to accept the checks and in notifying defendant of her rejection.

The fact that plaintiff retained physical possession of the checks rather than return them to defendant does not alter the situation in our opinion. Plaintiff notified defendant at once, through his attorney, that the tendered checks were insufficient in that they did not include the interest due on the verdicts.

On January 28, 1972, when plaintiff notified defendant of the insufficiency, defendant had two courses of action open to him:

1. Defendant could have tendered the additional amount due; or

2. Defendant could have authorized plaintiff to deposit and collect the checks for the principal amount due without being bound by the terms of the release printed on such checks and thus stop the accrual of interest on the principal amount.

The failure of defendant to take either course of action until February 25, 1972, renders him liable to

plaintiff for the additional interest on the principal sum due.

It should be noted that defendant in this case was insured by Pennsylvania Manufacturers Association Insurance Company. The payment of judgments entered upon verdicts rendered against its policy holders is part of the daily business routine of this insurance company and these payments frequently, if not invariably, include interest from the date of verdict. The failure of the insurance company to calculate the interest due and include it in the tendered checks delivered to plaintiff on January 28, 1972, under the circumstances, must have been an act done with full knowledge of the consequences.

Defendant cites the case of Waller v. The Kingston Coal Company, 191 Pa. 193 (1899), in support of the proposition that the refusal of plaintiff here to deposit the checks delivered January 28, 1972, extinguishes any right of plaintiff to claim additional interest by reason of such refusal. Analysis of the Waller case, however, lends no support to defendant's position. In Waller, the claim for interest was made after many years of dealings between the parties in which plaintiffs accepted periodic payments without interest and also gave a receipt for payment in full.

In the case at bar, plaintiff neither slept upon her rights nor did she give any receipt for payment in full.

Being of the opinion that defendant is liable for the additional interest claimed, we enter the following

## ORDER OF COURT

And now, November 15, 1972, the rule entered August 3, 1972, upon petition of plaintiff is made abso-

262

lute and it is ordered and directed that defendant pay to plaintiff the sum of $374.64 representing additional interest due upon the jury verdicts rendered October 12, 1971, in the above-captioned matter.