Lillian ATLIN

v.

**SECURITY–CONNECTICUT LIFE
INSURANCE CO.**

v.

**NATIONAL PARAGON CORPORATION**

v.

**NILTA ENTERPRISES, INC.**

**Appeal of Lillian ATLIN.**

No. 85–1463.

United States Court of Appeals,
Third Circuit.

Argued Feb. 20, 1986.

Decided April 14, 1986.

Allan D. Windt (argued), Paul R. Rosen, Spector, Cohen, Gadon & Rosen, Philadelphia, Pa., for appellant Lillian Atlin.

Arthur H. Rainey (argued), George S. Leone, Dechert, Price & Rhoads, Philadelphia, Pa., for appellee Security-Connecticut Life Ins. Co.

Michael G. Trachtman, Sean P. Flynn, Waters, Gallager & Trachtman, Norristown, Pa., for Nat. Paragon Corp.

Before WEIS and SLOVITER, Circuit Judges, and ZIEGLER,* District Judge.

## OPINION OF THE COURT

WEIS, Circuit Judge.

■ In this diversity case, the question is whether a life insurance company is required to pay interest on policy proceeds for the interim between receipt of proof of death and payment into court as part of an interpleader action. We conclude that under Pennsylvania law interest is payable as a matter of right for loss of use of the principal. Institution of an interpleader in response to competing claims will not defeat the claimant's entitlement to interest. Accordingly, we will reverse the ruling of the district court and will direct entry of a judgment for interest at the legal rate.

After it had entered summary judgment for the insurance company denying the plaintiff's demand for prejudgment interest, the district court ruled in favor of her claim for the proceeds. She then appealed the adverse decision on interest.

When he died on May 15, 1984, Melvin Atlin, a resident of Pennsylvania, was covered by a life insurance policy issued by Security-Connecticut Life Insurance Company. Plaintiff Lillian Atlin is the widow of Mr. Atlin and the primary beneficiary of the policy. Under its terms, she forwarded proof of death which was received by the company on June 7, 1984.

On July 11, 1984, National Paragon Company wrote Security, asserting a claim against the policy. The insurance company sent a copy of the letter to Mrs. Atlin, who responded by filing this diversity suit against Security on July 20, 1984. The company joined National Paragon as a third-party defendant and filed an interpleader counterclaim. On September 11, 1984, Security paid into the court registry the face amount of the policy, together with interest at 3½ percent from the date it had received the proof of loss. Although not required by the terms of the policy,

Security's interest payment was standard company practice.

In a summary judgment motion, plaintiff demanded interest at the rate of thirteen percent for the period before deposit into the registry. The district court accepted Security's premise that, absent an unreasonable delay, an insurance company that interpleads the funds in dispute is not liable for interest. Finding that Security had acted with due diligence and had not delayed unreasonably, the court denied the plaintiff's motion.

Plaintiff then sought discovery related to Security's retention of the money for three months. The company objected, and the record does not clearly indicate whether plaintiff sought enforcement of her request. The docket entries do show that the court denied a motion by plaintiff to compel discovery; however, that same order also required a response to the plaintiff's outstanding request for documents.

The court granted summary judgment for Security and dismissed it from the suit. After a non-jury trial on the competing claims to the proceeds, the district court entered judgment for plaintiff, and this appeal followed. Although other issues were initially included, only the plaintiff's cross-appeal of the district court's rulings on interest and discovery remains.

After the district court had issued the order challenged here, we decided *Benefit Trust Life Ins. Co. v. Union Nat'l. Bank of Pittsburgh,* 776 F.2d 1174 (3d Cir.1985). In that case, a life insurance company had delayed payment until a murder prosecution established that the contingent beneficiaries, rather than the primary one, were entitled to the policy proceeds. We held that the company had no affirmative duty to interplead and pay the sum into court, but that prejudgment interest at the legal rate was payable. However, the district court had fixed the date on which interest began to run, and because the parties did

* The Honorable Donald E. Ziegler, United States District Judge for the Western District of Pennsylvania, sitting by designation.

not dispute the beginning point, we had no occasion to address that issue.

*Benefit Trust* reviewed state law decisions and concluded that in Pennsylvania once the amount becomes payable under a contract, prejudgment interest is available as of right, not as a matter of discretion. This result follows from the theory that interest represents compensation for the loss of use of the money, and is not punitive in nature. Although state precedents on life insurance disputes were not definitive, we determined that the contract rule should apply after examining cases involving other types of insurance where the Pennsylvania courts had invoked that principle.

The stakeholder in *Benefit Trust* had not paid the proceeds into court, and Security would have us apply a different rationale here because it took that step. The company contends that in an interpleader action equitable considerations should govern the court's decision on prejudgment interest. In these circumstances, Security urges, only unreasonable delay in instituting an interpleader will justify an award of interest from the date of the insured's death until payment into court. Some jurisdictions apply such a rule. *See, e.g., Powers v. Metropolitan Life Ins. Co.*, 439 F.2d 605 (D.C.Cir.1971); 15 G. Couch, *Couch on Insurance 2d* § 52:16 at 17.

The company also relies on two Pennsylvania cases that it contends contradict *Benefit Trust*'s reading of Pennsylvania law as requiring prejudgment interest in contract cases. Security points to language in *Cianfrani v. Commonwealth State Employees' Retirement Bd.*, 505 Pa. 294, 479 A.2d 468 (1984), as establishing a prerequisite of a "wrongful" or "unjust" withholding. Those adjectives do appear in the *Cianfrani* opinion, but we do not read that case as imposing such a standard.

Initially, we note that in *Cianfrani* the plaintiffs alleged that because the state had "wrongfully" withheld retirement benefits, prejudgment interest was due. The thrust of the court's opinion was to rebut that charge by pointing out that the state board had been mandated to withhold the principal sums by a statute that was later held unconstitutional. Until that declaration, however, the statute required compliance by the state agency, and accordingly its actions had been correct. In essence, the court held that agency conduct, proper at the time, had not become wrongful by the later adjudication of unconstitutionality.

Furthermore, because the statute during its period of viability had precluded payment of the contested sums, the court concluded that an enforceable, payable debt had not existed during that time. Thus, under the usual contract rule, prejudgment interest was not due because no principal amount had become payable until the statute was voided. *Cianfrani* must be read in light of its facts and holding—not misinterpreted by reliance on isolated phraseology.

Security's interpretation of *Cianfrani* is contrary to the Restatement of Contracts provision on interest which the Pennsylvania courts have adopted. *See Penneys v. Pennsylvania Railroad Co.*, 408 Pa. 276, 183 A.2d 544 (1962); *Daset Mining Corp. v. Industrial Fuels Corp.*, 326 Pa.Super. 14, 473 A.2d 584 (1984).[1] The state courts have not imposed a prerequisite of bad faith or blameworthy conduct; rather, the triggering factor is the failure to pay money when it is due. Security's contention is also at odds with a much older case, *West Republic Mining Co. v. Jones & Laughlins*, 108 Pa. 55, 68–69 (1885), where the court said,

> "Interest shall be allowed in all cases of contract where it is the duty of the debtor to pay money without a previous demand by the creditor.... The right to interest upon money owing upon contract depends not on discretion, but upon legal right. 'It is a legal and uniform rate of

---

1. Section 354 of the Restatement 2d provides, "[i]f the breach consists of a failure to pay a definite sum of money ... interest is recoverable from the time for performance of the amount due."

damages, in absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge the debt.' " (citations omitted).

In the second case on which Security relies, *DeLuca v. Fidelity Bank*, 282 Pa. Super. 365, 422 A.2d 1159 (1980), a bank interpleaded two owners of a matured certificate of deposit and paid into court the face amount plus interest to the date of maturity. The court found no liability for further interest because the certificate expressly stated that none was payable after maturity. Moreover, the bank possessed statutory authorization to withhold the contested funds until one of the claimants began suit. See Pa.Stat.Ann. tit. 7, § 606 (Purdon 1985). Those two significant differences distinguish *DeLuca* from the case at hand.

Acceptance of Security's arguments would undercut the decisional framework of *Benefit Trust*, and we are not convinced that the case's rationale was an incorrect prediction of how the Pennsylvania Supreme Court would rule in a life insurance case. Nor do we believe that Pennsylvania applies a different rule to life insurance cases than to other contracts or insurance policy suits.[2]

Given the uniform approach of the Pennsylvania courts in contract matters generally, and in fire insurance claims specifically, we view as firmly established the proposition that prejudgment interest accrues as a matter of right and provides compensation for the loss of the use of money. That the stakeholder at some point interpleads all who claim ownership of the fund does not erode the foundation of the rule. Ultimately, the one entitled to the principal sum has been deprived of its use and must be compensated for that loss under state law.

Although federal interpleader is rooted in equitable grounds, use of that procedure does not justify a diversity court's rejection of controlling state substantive law. Equitable considerations may well affect the court's resolution of the competing claims, but they do not work an exception to the *Erie* mandate. See 1A J. Moore, *Moore's Federal Practice* ¶ .310 at 3139. But see *Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287 (8th Cir.1980).

■ No interest runs against the stakeholder after he pays the disputed sum into court. See, e.g., *Powers v. Metropolitan Life Ins. Co.*, 439 F.2d 605 (D.C.Cir.1971). Two considerations support this principle. First, the stakeholder no longer has access to the money and enjoys no further benefit. Second, while deposited in the registry, the money presumably will be invested and accrue interest for the benefit of the ultimate recipient.

Between the time that the loss becomes payable and its consignment to the court, however, the stakeholder has had the beneficial use of the fund, and the rightful owner has not. In the absence of a policy provision to the contrary, no legal reason supports the denial of interest for that period. Our resolution here follows from the lack of such a provision.

The policy does state that the proceeds are payable on receipt of proof of death. We hold, therefore, that the obligation to pay interest at the statutory rate of six percent began on that date, June 7, 1984.[3] Pa.Stat.Ann. tit. 41, § 201 (Purdon 1985).

Because we agree with plaintiff that the court erred in denying interest, we need not address her complaint about the denial of discovery.

---

**2.** To the fire insurance cases cited in *Benefit Trust*, we add *Gardner v. Freystown Mut. Fire Ins. Co.*, 350 Pa. 1, 37 A.2d 535 (1944); *Samuels v. California Ins. Co.*, 192 Pa.Super. 484, 162 A.2d 48 (1960); *J. Purdy Cope Hotels Co. v. Fidelity-Phenix Fire Ins. Co.*, 126 Pa.Super. 260, 191 A. 636 (1937). *See also Gold & Co., Inc. v. Northeast Theater Corp.*, 281 Pa.Super. 69, 421 A.2d 1151 (1980); *Oxford Mfg. Co. v. Cliff House*

*Building Corp.*, 224 Pa.Super. 387, 307 A.2d 343 (1973).

**3.** Interest accrues at the legal rate under the *Benefit Trust* aproach; accordingly, the plaintiff's request for a higher rate of interest must fail.

Security has already paid some interest, which will be credited toward the amount due. Rather than remand the case to the district court for findings, in pursuit of judicial efficiency, we will direct the entry of a judgment for the outstanding interest. The parties will submit to the court within ten days a calculation representing the amount due by computing the interest at six percent from the date that proof of death was received to the date the money was paid into court, less the amount of interest already paid.