Oxford Manufacturing Company, Inc., Appellant, *v.* Cliff House Building Corp.

*Joel Friedman,* for appellant.

*James H. Gorbey, Jr.,* with him *Francis A. Ferrara,* and *Kassab, Cherry and Archbold,* for appellee.

OPINION BY CERCONE, J., June 14, 1973:

This is plaintiff's appeal from the lower court's refusal to grant his motion for new trial or to mold a verdict returned in his favor so as to include interest which the jury had denied.

The action is one in assumpsit to recover the $22,-223.14 purchase price of kitchen cabinets, counters, and bathroom vanities sold and delivered to defendant by plaintiff pursuant to contracts. Defendant counterclaimed for $31,000 on grounds that the goods delivered were defective. The jury returned a verdict in favor of plaintiff in the sum of $10,767.53, but specifically refused to award interest.

At trial plaintiff specifically excepted to the manner and form of the lower court's charge on interest and the refusal of the court to charge on the provisions of the Uniform Commercial Code respecting the time when payment was due, there having been no time for payment specified in the contracts between the parties here. The lower court's charge on interest was given as follows: "You will note that in awarding a verdict, you may also add an amount for interest computed at the rate of six per cent per year but not compounded—computed from that date which you will find was the date when such amount was actually due, and to this date, and you would include it in your total verdict award. You will not award interest if you find the person entitled to the award did, however, cause, or bring about the delay in payment, or you would not allow it for such time as he may have caused the delay in payment, bearing in mind that interest is awarded because one has delayed paying a sum due and ow-

ing from a date when you may find it was due and owing."

Nowhere in the record does it appear that plaintiff delayed payment from defendant and this portion of the lower court's charge was prejudicial to the plaintiff and may be explanatory of the jury's denial of interest in its award to the plaintiff. The lower court in its opinion stated that since defendant disputed plaintiff's claim because of defective items, the claimed sum, although based on contracts, was not liquidated and that therefore interest did not accrue thereon. We disagree. In *West Republic Mining Company v. Jones & Laughlin,* 108 Pa. 55 (1885), an early but leading case, plaintiff sued to recover the price of certain ore sold and delivered to defendant, defendant refusing to pay on grounds that the ore did not conform to samples. The lower court instructed the jury that in their discretion they could allow or disallow interest. The Supreme Court of our Commonwealth held this instruction to be error and further held: "A dispute has arisen respecting the performance of the contract by the plaintiffs, and the amount of the debt, *but however determined, the debt arises from contract."* (Emphasis added.) In the instant case plaintiff's claim was based on a fixed sum as determined by contracts and despite the dispute which arose between plaintiff and defendant, the understanding of the parties when they entered the contract was that a fixed amount was determined for the sale of the items. The fact that the jury reduced this amount does not transform what was a liquidated sum into an unliquidated one on which interest did not accrue. In the *West Republic* case, supra, the court held that the question of interest was not a matter of discretion for the jury: "The right to interest upon money owing upon contract depends not on discretion, but upon a legal right. . . A bone fide dispute as to the amount of in-

debtedness is no bar to the accruing of interest." The dispute in the instant case in no way minimizes plaintiff's right to interest on money rightfully owing to him by defendant based on a liquidated sum. In the case of *McCornack v. Sharples*, 254 Pa. 541 (1916), plaintiff inventor was awarded in the court below royalties under his contract with a licensee user of his inventions. He was denied interest, however, on the ground that a dispute had existed as to the terms of the agreement. The court held: "A bona fide dispute as to the amount of indebtedness is no bar to the accruing of interest." In the case of *J. Purdy Cope Hotels Company v. Fidelity-Phenix Fire Insurance Co.,* 126 Pa. Superior Ct. 260 (1937), there was a fire loss over which a dispute arose. This court allowed interest on the amount recovered, saying (p. 265) : "A bona fide dispute as to the amount of the indebtedness is no bar to the accruing of interest and if a tender falls short of the sum found to be due at the time of tender, interest runs on the whole."

We hold, therefore, that there should be added to the amount of the verdict interest at the rate of six per cent per year computed from the date of delivery, to wit, June 1, 1965. In *J. Purdy Cope Hotel Company v. Fidelity-Phenix Fire Insurance Co.,* supra, this court cited with approval Section 337 of the Restatement of Contracts which provides: "(a) Where the defendant commits a breach of contract to pay a definite sum of money . . . interest is allowed on the amount of the debt . . . *from the time performance was due,* after making all the deductions to which defendant may be entitled."

Case remanded to the lower court for the addition of interest to the verdict in accordance with this opinion.