**INTERLAKE, INC., Plaintiff,**

**v.**

**ERIE INDUSTRIAL TRUCKS, INC., Defendant.**

**Civ. A. No. 76–82 ERIE.**

United States District Court,
W. D. Pennsylvania.

March 10, 1977.

Irving O. Murphy, Erie, Pa., for plaintiff.

Robert J. Kelleher, Erie, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

Plaintiff is a manufacturer and distributor of steel rack for use in cold storage facilities, and defendant was an authorized distributor of the steel rack. Pursuant to a purchase order of defendant, plaintiff on four occasions in late 1974 shipped to Erie Farms, Inc. in Erie, Pa. a quantity of steel rack. The invoices, less certain credits, totaled $116,641.97, and bore the terms "Net 30 days". Plaintiff now seeks summary judgment for $116,641.97 plus interest from 30 days after the date of the invoices.

Defendant has admitted that it owes plaintiff for the steel rack,[1] but contends that it would not have been issued the purchase order except for certain misrepresentations by plaintiff's salesman and that it is entitled to an offset for certain damages it sustained in the total sum of $17,274.60. Defendant alleges, and supports by affidavits, that because of the nature of its sale to Erie Farms, Inc. it requested technical assistance from plaintiff Interlake, Inc. and that plaintiff's representative assured defendant that it would receive a purchase order for $129,345. for the racks.

It appears that in fact a dispute occurred between Defendant and its customer as to the appropriate price, and Erie Industrial Trucks never received a purchase order from this customer despite the assurance by plaintiff's representative that a purchase order would be forthcoming. Erie Industrial Trucks contends that it would never have issued its purchase order to Interlake but for its reliance on the statements of Interlake's representative.

Defendant alleges in its counter-claim that as a result of Interlake's actions it was required to engage legal counsel against its customer at a cost of $8,000, and that it suffered a loss of profit on the sale in the amount of $9,274.60.

The question before the court is whether plaintiff is entitled to summary judgment in the amount of its invoices plus interest. Plaintiff does not contest the fact that there is a dispute·as to the counter-claim of defendant but contends that that is a separate matter that should proceed its normal course.

■ In *Oxford Manufacturing Co., Inc. v. Cliff House B. Co.*, 224 Pa.Super. 387, 307 A.2d 343 [1973], the court held that where the defendant commits a breach of contract to pay a definite sum of money, interest is allowed on the amount of debt from the time performance was due, after making deductions to which the defendant may be entitled, that the allowance of interest is not a matter of discretion but of legal right, and that a bona fide dispute as to the amount of indebtedness is no bar to the accruing of interest. As stated in *West Republic Mining Company v. Jones & Laughlin*, 108 Pa. 55 [1885], in holding that interest is recoverable by right despite a dispute over the conformity of ore to samples:

"A dispute has arisen respecting the performance of the contract by the plain-

---

1. ¶ 9 of the Complaint alleges, "Plaintiff has requested defendant to pay this amount which is due and owing, but defendant has refused to make such payment." In answer to this, defendant states:

  "9. Admitted. Defendant has refused to pay this amount because of the false and

misleading representation made by Plaintiff, his agent, servant, workman, and/or employee, however, Defendant recognizes his responsibilities to the Plaintiff, such responsibilities are calculated by subtracting Defendant's losses set forth in a Counter-Claim hereinafter stated."

tiffs, and the amount of the debt, but however determined, the debt arises from contract."

Nothing in Section 337(a) of the Restatement of the Law of Contracts (1932), which has been adopted as the law of Pennsylvania in *Penneys v. Pennsylvania R.R. Co.,* 408 Pa. 276, 183 A.2d 544 [1962], detracts from this conclusion that a bona fide dispute as to the amount of indebtedness does not bar the accrual of interest. Section 337(a) states:

"If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:

(a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance is due, after making all the deductions to which the defendant is entitled."

■ The difference in this case from *Oxford* and *West Republic Mining Co.* is that this dispute depends not only on what damages of defendant are proper set-offs to plaintiff's claim, but also whether the contract is voidable due to plaintiff's misrepresentation in procuring it. If the alleged misrepresentation by plaintiff's agent is shown to void the contract, as was done on completely different facts in *Rose v. Rose,* 385 Pa. 427, 123 A.2d 693 [1956], plaintiff

could still recover on a *quantum meruit* basis. The parties have not briefed whether such recovery would be for the contract price,[2] but it presently appears relevant to consider whether any delay in receipt of payment by defendant from its customer was caused by plaintiff's own misconduct. Assuming that the contract were voided by plaintiff's misrepresentation, an award of interest, and the date on which such interest would begin to run, would be outside the scope of Section 337(a) and would be a matter of discretion for the trier of fact. See *Hussey Metals Div. v. Lectromelt Furnace Div.,* 417 F.Supp. 964 [W.D.Pa.1976]; *Tennessee Carolina Transportation, Inc. v. Strick Corp.,* 283 N.C. 423, 196 S.E.2d 711 [1973] (decided under Pennsylvania law). On the other hand, if defendant cannot show that it was fraudulently induced to enter the contract with plaintiff, say because of innocent mistake on its part or the knowledge of its own agent of the price dispute, then interest should run from the date payment to plaintiff was due under the contract in accordance with *Oxford* and *West Republic Mining Co.,* which would be from 30 days after the receipt of each invoice.

■ The record before the court is also lacking in that there is no clear indication of when acceptance of the steel rack by defendant occurred, nor when, if ever, defendant received payment for the steel rack from its customer. We have, of course, the invoices issued by Interlake. We do not know, however, just when the dispute between defendant and its customer came into focus. Nor does the record establish whether defendant initially accepted the goods (see U.C.C. § 2–607) or rejected them,

**2.** *The record on this matter is confused. In answer to ¶ 8 of the Complaint, defendant denied the amount of plaintiff's damages and demanded strict proof at trial. However, in ¶ 9, defendant admits some "responsibilities" to plaintiff which it says are calculated by subtracting defendant's losses, presumably from plaintiff's claim which it appears to admit in ¶ 9. See footnote No. 1. In any event plaintiff has now presented proof of its claim by the affidavit of R. M. Gordon, and defendant has not contested the accuracy of Gordon's calcula-* tions. Nor has defendant presented any evidence to suggest that recovery on a quantum meruit basis should differ in its principle amount from the contract price. We deem defendant to have admitted the amount of plaintiff's claim, except for whether interest is recoverable and whether defendant is entitled to an offset of its damages under the provisions of Fed.R.Civ.P. 56 for failure to show the existence of evidence to contest the movant's motion.

or at what time by its conduct it established plaintiff's right to recover from it (for example, by defendant's act of collecting from its customer).

Under these circumstances, a material issue of fact does exist that prevents the court from entering summary judgment for plaintiff in the amount of its claim with interest. However, it appears to be established without dispute that there is a clear sum of $99,367.37 due plaintiff (arrived by subtracting defendant's counterclaim items of $17,274.60 from plaintiff's claim of $116,-641.97). There is no contention that defendant did not receive payment from its customer less the set-off here. For this amount partial summary judgment will be entered. The issue of the validity of defendant's claim to the remaining $9,274.60 loss of profits, and $8,000 legal expenses as a set-off to plaintiff's claim remains in dispute, as well as plaintiff's claim for interest. It would appear that interest is due under all circumstances on $99,367.37 from September 30, 1976, the date of defendant's answer admitting no contest to this claim. The right of plaintiff to interest on the whole sum of its recovery must depend upon the facts produced by defendant in support of its claims at a plenary trial.