## Schwartz v. Luletsky

*Mark J. Homyak,* for plaintiff.
*Jon L. Friedman,* for defendant.

WETTICK, *A.J.,* December 28, 1982—In this assumpsit action, plaintiff sought payment of $6,950 plus interest and costs for accounting services. At the trial of this action, plaintiff introduced an invoice dated March 16, 1979 in the amount of $6,950 which he had submitted for the accounting services that he allegedly provided defendants. Defendants acknowledged that the invoice has not been paid. Their primary defense was that many of the services were not performed in a timely manner and thus were of

limited value to defendants. The jury rendered a verdict for $5,750 in plaintiff's favor and against both defendants.

Subsequently, plaintiff presented a motion requesting that the verdict be molded to include interest from March 16, 1979. This motion is the subject of this opinion and order of court.

Defendants oppose the motion on two grounds. First, they contend that plaintiff is not entitled to prejudgment interest because the amount of the debt could not be determined with a reasonable degree of certainty before the resolution of the dispute over the extent to which plaintiff performed his contractual obligations. Second, defendants contend that plaintiff waived any claim for interest by his failure to request the trial judge to submit the issue to the jury.

I

Initially, we consider defendants' claim that interest cannot be awarded because the amount owing under the contract is not readily ascertainable. The basis for this claim is a narrow reading of Section 354(1) of the Restatement of Contracts 2d (1979). This provision, which deals with the right to interest as damages for breach of a contractual obligation, reads as follows:

If the breach consists of a failure to pay a definite sum of money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.

Defendants apparently contend that this provision of the Restatement of Contracts 2d restricts an award of interest to those circumstances in which

plaintiff proves that defendant breached a promise to pay "a definite sum of money" or to render a performance whose value is ascertainable with reasonable certainty. According to defendants, this means that interest is recoverable only when there is a failure to pay a liquidated sum due on a fixed date and the debtor is in absolute default. Interest cannot be recovered in actions where the damages are not inherently capable of exact computation. In such cases, the party against whom the claim is made is not in a position to pay or make tender until the amount has been ascertained and thus the de- is not of the absolute nature that permits interest for the delay.

While Section 337(a) of the Restatement of Contracts (1st)—the predecessor to Section 354(1) of the Restatement of Contracts 2d—has been relied upon by the Pennsylvania appellate courts (see Penneys v. Pennsylvania Railroad Company, 408 Pa. 276, 183 A. 2d 544 (1962); Oxford Manufacturing Company, Inc. v. Cliff House Building Corp., 224 Pa. Super. 387, 307 A. 2d 343 (1973)),* this section has been viewed only as a basis for awarding interest and not as a limitation upon the power of a court to award interest. There is no case law in this Commonwealth that has utilized Section 354(1) of the Restatement (Second) Contracts or its predecessor to restrict the award of interest to the limited circumstances which defendants previously described.

The present case involves the breach of an agreement to pay for services. The principle that emerges from the appellate court case law governing the

_____

*Section 354(1) is similar to and is based on Section 337(a) of the Restatement of Contracts (1st). See reporter's notes to Section 354 of the Restatement of Contracts 2d.

award of prejudgment interest in an assumpsit action is that interest should be automatically awarded to a party who establishes the breach of the agreement to purchase goods or services from the time that he or she should have received any payment for these goods or services.

Defendants' contention that prejudgment interest should be denied when there is a bona fide dispute as to the amount due for the services performed or goods delivered has been rejected by our appellate courts. In Gold & Company, Inc. v. Northeast Theatre Corp., 281 Pa. Super. 69, 421 A. 2d 1151 (1980), a broker sued for a real estate commission. The lower court declined to award prejudgment interest because defendant admitted liability for the amount which the court eventually awarded while denying that any further amounts were due. The Superior Court reversed, holding that:

In a contract action, the award of such interest does not depend upon discretion but as a legal right. (citations omitted) It must be awarded despite the good faith of the party contesting the claim . . . .

This rule is applicable despite the fact that the creditor's demands were in excess of the amount due. As stated by Mr. Justice Trunkey, speaking for the Supreme Court in West Republic Mining Co. v. Jones and Laughlins, 108 Pa. 55 (1884):

"In this state it seems to have been long understood that where it is the duty of the debtor to pay the sum he owes, and the creditor demands a greater sum, the debtor can only relieve himself from liability by tendering payment of the debt. A bona fide dispute as to the amount of indebtedness is no bar to the accruing of interest. If a tender of payment falls short of the sum found to be due at the time of tender, interest runs on the whole." 108 Pa. 55, 69, 421 A. 2d at 1154, 1155.

In Oxford Manufacturing Company, Inc. v. Cliff House Building Corp., 224 Pa. Super. 387, 307 A. 2d 343 (1973), plaintiff brought an assumpsit action to recover in excess of $22,000 for goods which plaintiff delivered to defendant. Defendant counterclaimed for $31,000, alleging that the goods which plaintiff delivered were defective. The jury returned a verdict in favor of plaintiff in an amount of approximately 50 percent of that which plaintiff sought. The lower court did not award interest, stating that since defendant disputed plaintiff's claim because of the defective items, the claimed sum, although based upon contract, was not liquidated and therefore interest did not accrue. The Superior Court reversed, stating:

In the instant case plaintiff's claim was based on a fixed sum as determined by contracts and despite the dispute which arose between plaintiff and defendant, the understanding of the parties when they entered into the contract was that a fixed amount was determined for the sale of the items. The fact that the jury reduced this amount does not transform what was a liquidated sum into an unliquidated one on which interest did not accrue. . . . The dispute in the instant case in no way minimizes plaintiff's right to interest on money rightfully owing to him by defendant based upon a liquidated sum. 307 A. 2d at 345.

Furthermore, the award of prejudgment interest is not dependent upon a showing that the breach consisted of the failure to pay a definite sum. In Penneys v. Pennsylvania Railroad Company, supra, plaintiffs alleged that defendant railroad, while shipping plaintiffs' machinery, damaged this machinery beyond repair and instituted an action for the value of the machinery. The trial court awarded

plaintiffs the fair market value of the machinery at the time of the loss plus interest from the date of the loss. Defendant appealed the interest award, contending that interest could not be awarded because the damages were unliquidated and plaintiffs' demand was exorbitant. The Supreme Court rejected this contention even though the award was substantially less than the demand in the plaintiffs' complaint. The court held that the Restatement of Contracts, Section 337(a), provided a clear guidepost for the award of interest in this situation, that the demand was not so exorbitant as to excuse performance, and that interest was due because plaintiffs were deprived of the use of their money throughout the course of the litigation.

Also see Samuels v. California Insurance Company, 192 Pa. Super. 484, 162 A. 2d 48 (1960); Palmgreen v. Palmer's Garage, Inc., 383 Pa. 105, 117 A. 2d 721 (1955); and West Republic Mining Co. v. Jones & Laughlins, 108 Pa. 55 (1884).

Finally, defendants' reliance on Section 354(1) of the Restatement (Second) of Contracts as a limitation on the authority of a court to award interest overlooks Section 354(2) of the Restatement (Second) of Contracts which provides that:

In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

This provision is sufficiently broad to encompass the public policy of including interest on awards for breach of a promise to pay that can be gleaned from the Pennsylvania case law. See, generally, Sack v. Feinman, 489 Pa. 152, 413 A. 2d 1059 (1980).

## II

Defendants' contention that plaintiff waived any claim for interest by his failure to request the trial judge to submit the issue to the jury is also without merit. The law is settled that a verdict may be molded to add interest and that the computation of interest is a matter that need not be submitted to a jury: Com. v. National Union Fire Insurance Co., 434 Pa. 255, 252 A. 2d 593 (1969); Samuels v. California Insurance Co., supra, West Republic Mining Co. v. Jones & Laughlins, supra, Berkeley Inn, Inc. v. Centennial Insurance Co., 282 Pa. Super. 207, 422 A. 2d 1078 (1980).

## ORDER

On this December 29, 1982, it is hereby ordered that plaintiff's motion to mold the verdict to include interest and costs is granted. Plaintiff shall present for this court's consideration a proposed modified verdict.