## United States Steel Corp. v. ERC/Lancy

*Debra McCloskey,* for plaintiff.
*Neal R. Brendel,* for defendant.

WEIR, *J.,* April 25, 1988—The matter for disposition is a motion by plaintiff to add pre-judgment interest at the statutory rate in the amount of $684,250 to the verdict in its favor of $1,700,000 by the jury so that the total verdict would be $2,384,240. The time period for the interest would be from January 15, 1981, when plaintiff informed defendant that it intended to seek damages until the date of the verdict on October 1, 1987. There does not seem to be any great dispute about the manner in which the interest is calculated, rather it is the strenuous contention of defendent that this is not a case in which interest should be awarded in any amount whatsoever.

The part of this case from which the present issue emerges relates to a written contract between the parties which obligated defendant to design and engineer an important component part of a pollution control system for a consideration of $3,032,190. It was plaintiff's position at trial that defendant failed egregiously to fulfill its commitment which was of

course denied and a counter-claim was asserted for a fraction of the contract price which had been withheld by defendant. Since the contract had a provision which limited damages for its breach to the dollar amount of the contract, this is what plaintiff sought in this part of the case and as previously indicated, the jury awarded what would appear to be a compromise amount of $1,700,000.

It is agreed by counsel for these two parties that the award of pre-judgment interest in a contract case in Pennsylvania is governed by section 337(a) of the Restatement of the Law of Contracts which was adopted by the Supreme Court in *Penney's v. Pennsylvania Railroad Co.*, 408 Pa. 276, 183 A.2d 544 (1962).

However, these same two lawyers, each of superior ability, disagree completely over the meaning of this section of the Restatement, as it applies to this case, counsel for plaintiff arguing that it requires the addition of pre-judgment interest and counsel for defendant arguing that it prohibits such an addition.

Section 337(a) reads as follows:

"§337. When interest is recovered as damages—

"If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:

"(a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due,

after making all the deductions to which the defendant may be entitled."

The more one studies these words, the more one understands how reasonable minds might disagree on their intention. In fact, when you consider the rather simple subject which they address they could be termed a gem of obfuscation. Quite candidly, if I were compelled to interpret these words without the aid of any decisions, I would not construe them to authorize pre-judgment interest on a verdict in an amount such that it is impossible to identify any particular rationale by which it was reached other than that it was reached by compromise. However, having studied all of the cases cited in the briefs on both sides of this issue, I find that my reaction would have been contrary to the view of our courts on this issue, a view which mandates the granting of plaintiff's motion in this instance.

In reading the cases, you get the impression that the guiding principle in respect to the addition of interest to a verdict is that it is considered unfair in most situations that a defendant should have received and retained interest on money which has been found to belong to plaintiff, a reaction which is understandable. Consequently, as I see it, in order to reach the desired result and still not do violence to section 337, the courts have adopted the concept that a verdict is liquidated and thus subject to the addition of pre-judgment interest if only the claim is for a definite amount based upon a contract. It does not matter that the jury finds a different amount than that which is sought and an amount not based upon anything in particular.

Other cases follow the course of simply ignoring the existence of section 337. This is true of *Oxford Manufacturing Co. v. Cliff House Building Corp.*, 224 Pa. Super. 387, 307 A.2d 343 (1973), which in

itself is exactly opposite of this case and dispositive of this issue. In *Oxford,* the lower court said that since defendant disputed plaintiff's claim based upon a contract and the jury returned a lesser amount, the verdict was not a liquidated sum and did not bear interest. This was reversed by the Superior Court which held that the debt, however determined, arose from a contract and the fact that the jury reduced the amount of the contract which itself was specific did not transform a liquidated sum into an unliquidated one. The case of *Liberty Mutual Insurance Co. v. Home Insurance Co.,* 583 F. Supp. 849 (W.D. Pa. 1984) is very much to the same effect and likewise *Barney Machinery Co. v. Continental M.D.M. Inc.* 434 F. Supp. 596 (W.D. Pa. 1977), although the latter case is lacking in discussion.

There are some cases cited by defendant which contain expressions which are arguably supportive of defendant's position but none which are clearly and positively in its favor.

Accordingly, plaintiff's motion will be granted.

### ORDER OF COURT

And now, April 25, 1988, in accordance with the opinion filed herewith, the motion of plaintiff to add pre-judgment interest to the verdict is hereby granted and the verdict as returned by the jury in the amount of $1,700,000 is increased by interest in the amount of $684,250, resulting in a total verdict for plaintiff and against defendant in the amount of $2,384,250.