**Melissa M. ROONEY, Petitioner**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 13, 2009.

Decided Feb. 24, 2010.

Melissa M. Rooney, petitioner, pro se.

Jennifer G. Whare, Asst. Counsel and Allen C. Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Melissa M. Rooney (Rooney) petitions, *pro se*, for review from the final order of the Department of Public Welfare (DPW) which denied Rooney's applications for reconsideration of the decisions of the Bureau of Hearings and Appeals (Bureau) and upheld the orders of the Bureau dated July 16, 2008 and August 18, 2008, which determined that the interception of Internal Revenue Service (IRS) tax refunds were properly retained by the Commonwealth and applied to the amount of child support arrears owed to the DPW. We affirm.

Rooney is a former cash assistance recipient who received cash assistance for herself and her children during various

time periods from March of 1992 to September of 2004. In November of 1994, Rooney started receiving court ordered child support from Daniel Vidonish, Jr. (Vidonish), the father of Rooney's children.

As a condition of receiving cash benefits, Rooney agreed to assign her child support, including arrears, to the DPW. See 23 Pa.C.S. § 4378(b)(acceptance of assistance shall operate as an assignment to the DPW, by operation of law, of the assistance recipient's rights to receive support) and 23 Pa.C.S. § 4379(1)(ii)(as a condition of eligibility for assistance, the applicant must assign to the DPW such support rights). Rooney stopped receiving cash assistance in 2004. Rooney received $28,505.02 in reimbursable cash assistance from 1992 until 2004. As of February 2008, approximately $12,800.00 of child support arrears was owed to the DPW for the cash assistance Rooney had received since 1992.

In February and April of 2008, the DPW retained $4,591.00 and $1,656.59, respectively, from two IRS tax refund intercepts for repayment of unreimbursed cash assistance. The IRS tax refunds were initially due to Vidonish.

By notice of March 10, 2008 and May 10, 2008, the DPW notified Rooney of the amounts of the IRS tax refund intercepts and the amounts the DPW retained. In addition, the notices also provided the amount of support paid to Rooney, the amount of arrears still owing to Rooney and the amount of arrears still owing the DPW.[1] As provided in the notices, Roo-

ney timely requested telephone hearings. On June 10, 2008, a hearing was conducted by telephone regarding the March 10, 2008 notice. On August 14, 2008, a hearing was conducted by telephone regarding the May 10, 2008 notice.

A final administrative action order dated July 16, 2008 was issued by the Administrative Law Judge (ALJ) for the Bureau which denied Rooney's appeal of the March 10, 2008 notice and held that the IRS tax refund of $4,591.00 was properly applied to the unreimbursed assistance owed to the DPW. Likewise, a final administrative action order dated August 18, 2008 was issued by the ALJ for the Bureau which denied Rooney's appeal of the May 10, 2008 notice and held that the IRS tax refund of $1,656.59 was properly applied to the unreimbursed assistance owed to the DPW. Although the Secretary of the DPW granted Rooney's requests to reconsider both Bureau decisions, the Secretary ultimately upheld both decisions by a final order dated April 13, 2009. Rooney now petitions this court for review.[2]

Rooney argues that the Bureau erred in its application of the IRS tax refund offset to arrearages owed the DPW, and that 23 Pa.C.S. § 4374 was not correctly applied. Specifically, Rooney contends that the DPW applied the incorrect distribution provision of 23 Pa.C.S. § 4374, and that it should have applied subsection (c)(2)(ii)(A)(I), which provides that the family is paid support arrearages before DPW receives its share. Rooney further argues that her children should receive

---

1. The total amount of the February, 2008 IRS tax intercept was $5,037.50. Rooney was paid her support payment in the amount of $446.50 and the DPW retained $4,591.00. The total amount of the April, 2008 IRS tax intercept was $2,103.09. Rooney was paid her support payment in the amount of $446.50 and the DPW retained $1656.59.

2. Our review of an administrative order is limited to determining whether constitutional rights were violated, an error of law committed or whether necessary findings of fact are supported by substantial evidence. *Ross v. Department of Public Welfare*, 811 A.2d 1076 (Pa.Cmwlth.2003).

child support arrears before the DPW receives its arrears since the arrears owed to her are a larger amount and that her children are human beings, not a state entity.

Initially, we observe that 23 Pa.C.S. § 4374(c) clearly provides that "[s]ubject to subsection[s] (d) . . . , support collected on behalf of a family shall be distributed as follows . . ."[3] Subsection (c) is, therefore, subject to subsection (d) of Section 4374 which provides that "[a]rrearages collected through use of the Internal Revenue Service Tax Refund Offset Program shall be retained by the Commonwealth to the ex-

tent past due support has been assigned to the department as a condition of receiving assistance." 23 Pa.C.S. § 4374(d).

In the present controversy, Rooney received cash assistance for herself and her children during time periods between March 1992 and September 23, 2004, which amounted to $28,505.02 in reimbursable cash assistance. Rooney's acceptance of assistance operated as an assignment to the DPW, by operation of law, of her right to receive support on her behalf and on behalf of her children. 23 Pa.C.S. §§ 4378(b) and 4379(1)(ii).[4]

**3.** 23 Pa.C.S. § 4374 provides in pertinent part as follows:

(c) Allocation of collections.—Subject to subsections (d), . . . support collected on behalf of a family shall be distributed as follows:

\* \* \*

(2) In the case of a family that formerly received cash assistance from the Commonwealth:

(i) first, pay to the family the current support collected that does not exceed the court-ordered amount to be paid in the month; and

(ii) second, treat amounts collected in excess of the current support collected as arrearages and distribute as follows:

(A) In the case of arrearages that accrued after the family ceased to receive cash assistance from the Commonwealth and which are collected after October 1, 1998:

(I) first, pay the family up to the amount of arrearages that accrued after the family ceased to receive cash assistance from the Commonwealth;

\* \* \*

(D) In the case of arrearages that accrued while the family received cash assistance from the Commonwealth:

(I) first, treat the amount collected as reimbursement of assistance in an amount not to exceed the total amount of unreimbursed cash assistance paid to the family and:

(a) pay an amount equal to the Federal share of the reimbursed amount to the Federal Government; and

(b) retain for the Commonwealth an amount equal to the non-Federal share of the reimbursed amount; and

(II) second, pay any remaining amount to the family

\* \* \*

(d) Retention by Commonwealth.—

(1) Arrearages collected through use of the Internal Revenue Service Tax Refund Offset Program for a family . . . that **formerly** received cash assistance shall first be applied to the monthly support obligation, and the balance shall be applied to arrears owed the family, **including assignments of arrearages** that accrued before the family received assistance from the Commonwealth and that were executed between October 1, 1997, and September 30, 2009. Any remaining arrearages shall be paid to the department. . . . To the extent that the amounts collected exceed the amount retained, the department shall pay the excess to the family. (Emphasis added).

**4.** 23 Pa.C.S. § 4378(b) provides in pertinent part as follows:

(b) Assignment.—Acceptance of assistance shall operate as an assignment to the department, by operation of law, of the assistance recipient's rights to receive support on his or her own behalf and on behalf of any family member with respect to whom the recipient is receiving assistance. . . .

23 Pa.C.S. § 4379 provides in pertinent part as follows:

In accordance with a child support plan approved by the Federal Government, the

We note that 23 Pa.C.S. § 4374(c)(2)(ii)(A) applies in cases of arrearages that accrued after the family ceased to receive cash assistance and that 23 Pa.C.S. § 4374(c)(2)(ii)(D) applies in cases of arrearages that accrued while the family was receiving cash assistance. In either or both instances, however, all allocations under § 4374(c) are subject to § 4374(d).

Although Rooney is no longer receiving assistance, the distribution of support payments is determined by the requirements of 23 Pa.C.S. § 4374(c) and (d). Due to the fact that unreimbursed assistance was still owing to the DPW at the time of the IRS refund tax intercepts, the DPW properly applied 23 Pa.C.S. § 4374(d), which provides that after the monthly support obligation to the family is paid, the balance of the IRS tax refund intercepts shall be applied to arrears owed to the family, including Rooney's assignment of the arrearages which was retained by the Commonwealth since support had been assigned to the DPW. Further, Federal law also provides for states to retain IRS tax refund intercepts. See 42 U.S.C. § 657(a)(2)(B)(iv) and § 664(a)(1).[5] The DPW applied 23 Pa.C.S. § 4374 correctly, as it paid Rooney her support due, and retained the remainder of the IRS tax refund intercepts, applying those amounts to unreimbursed assistance owed to the DPW in accordance with State and Federal law.

Accordingly, we must affirm the decision of the DPW.

### ORDER

AND NOW, this 24th day of February, 2010 the order of the Department of Public Welfare in the above-captioned matter is affirmed.

department shall have the power and its duty shall be to:

    (1) Require as a condition of eligibility for assistance that an applicant or recipient:

       \*      \*      \*

    (ii) Assign to the department on forms provided by the department such support rights as the applicant or recipient may have individually or on behalf of any family member who is a part of the assistance group.

5. 42 U.S.C. § 657(a)(2)(B)(iv) provides:

    Amounts collected pursuant to section 464 [42 U.S.C. § 664]. Notwithstanding any other provision of this section, any amount of support collected pursuant to section 464 shall be retained by the State to the extent past-due support has been assigned to the State as a condition of receiving assistance from the State, up to the amount necessary to reimburse the State for amounts paid to the family as assistance by the State. The State shall pay to the Federal Government the Federal share of the amounts so retained. To the extent the amount collected pursuant to section 464 exceeds the amount so retained, the State shall distribute the excess to the family.

42 U.S.C. § 664(a)(1) provides in pertinent part as follows:

    Upon receiving notice from a State agency administering a plan approved under this part ... that a named individual owes past-due support which has been assigned to such State pursuant to section 408(a)(3) ... [42 U.S.C. § 608(a)(3)], the Secretary of the Treasury shall determine whether any amounts, as refunds of Federal taxes paid, are payable to such individual.... If the Secretary of the Treasury finds that any such amount is payable, he shall withhold from such refunds an amount equal to the past-due support ... and shall pay such amount to the State agency ... for distribution in accordance with section 457 [42 U.S.C. § 657]....